UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD JONES, #427958,

                                Plaintiff,

      -against-

FIREBALL CLASS ACTION SUIT,

                              Defendant.
-------------------------------------------------------------------X

**FILED**
**CLERK**

4:58 pm, Aug 30, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
23-CV-1564(GRB)(ST)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Richard Jones ("Plaintiff") while incarcerated at the Suffolk County Correctional Facility ("Jail") in relation to his complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against the "Fireball Class Action Suit" ("Defendant").[1] Docket Entry "DE" 1, 5. However, Plaintiff did not file the required Prisoner Litigation Authorization form ("PLA") with his IFP application. Accordingly, by Notice of Deficiency dated April 24, 2023, Plaintiff was instructed to file the PLA as well as a complete copy of his complaint. (DE 5.) The Court's Notice and the Court's case opening letter were both returned to the Court as undeliverable on May 3, 2023. (DE 6-7.) By Electronic Order dated May 18, 2023, the Court ordered Plaintiff to, by no later than June 2, 2023, to provide a current mailing address and the PLA. (Elec. Order, dated May 18, 2023.) By letter dated June 5, 2023, Plaintiff apprised the Court that he was out on bail but has now returned to the Jail. (DE 8.) Albeit untimely filed, the Court accepted Plaintiff response and afforded him a final opportunity to cure the deficiencies noted earlier. The Electronic Order provided:

      **By Notice of Deficiency dated April 24, 2023, the Court notified plaintiff that**

---

[1] Plaintiff used the Court's form for complaints brought pursuant to Section 1983 but his submission was missing pages 2 and 4.

> **his complaint is missing pages 2 and 4. Because the Courts Notice and May 18, 2023 order were returned to the Court as undeliverable during the time he was discharged, the Court affords plaintiff a FINAL opportunity to cure these deficiencies.**
>
> **To be clear, Plaintiff is ORDERED to, by no later than June 29, 2023: (1) apprise the Court in writing that the complaint filed on April 10, 2023 is complete or provide the Court with a complete complaint; and (2) file the Prisoner Litigation Authorization form.**
>
> **PLAINTIFF IS ON NOTICE: Failure to timely respond to this Electronic Order will result in this case being DISMISSED without prejudice and without further notice.**

(*See* Elec. Order, dated June 12, 2023.)   In response, Plaintiff filed a letter dated May 26, 2023 and received on June 30, 2023, wherein he reported that he did not have a PLA form to file. (DE 9.)   Accordingly, the Court ordered the Clerk of the Court to mail the PLA form to Plaintiff and ordered that Plaintiff "**by no later than August 1, 2023: (1) apprise the Court in writing that the complaint filed on April 10, 2023 is complete or provide the Court with a complete complaint; and (2) file the Prisoner Litigation Authorization form enclosed with this Electronic Order.**"   (Elec. Order dated July 11, 2023.)   On July 31, 2023, Plaintiff filed the PLA but did not file a complete complaint nor did he apprise the Court that the original complaint filed is complete.   (DE 10.)   Accordingly, the Court accepts the original complaint, filed on April 10, 2023 as Plaintiff's pleading and screens it in accordance with the requirements on 28 U.S.C. §§ 1915, 1915A.   For the reasons that follow, the Court grants Plaintiff's application to proceed IFP and finds that Plaintiff has not alleged a plausible claim.   Thus, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

**1.  Summary of the Complaint**[2]

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and is missing pages 2 and 4.[3]  *See* DE 1.  In its entirety, Plaintiff alleges that, at various Bellport, New York locations including Sunoco gas stations and 7/11 stores, during the period June 2022 to January 2023, he presumably purchased "Fireball" products and:

> I'm seeking compensation for false advertisement of said "Fireball" alcohol being not the real alcohol being sold at gas stations and 7-11 stores.  Would like to be added to class action suit and compensation.

DE 1 at ¶ V.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

**I.    *In Forma Pauperis***

Upon review of the IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.  Therefore, the application to proceed IFP (DE 2) is granted.

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] Notably, page 4 of the form asks for a description of the facts giving rise to the claim(s) and any injuries suffered as a result of those events.  *See* Section 1983 Compl. Form, annexed to this Order.

## II.     Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* The Court analyzes plaintiff's Section 1983 claim below.

### I. Lack of State Action or a Constitutional Deprivation

Plaintiff names the "Fireball Class Action" as the sole Defendant. Further, although he used the Section 1983 complaint form, he does not allege the deprivation of any constitutional right. Indeed, the complaint lacks any facts and, critically, does not allege that a state actor deprived him of some constitutional right. Thus, his Section 1983 claim is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii); 1915A(b)(1).

### II. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

To the extent that Plaintiff seeks to join the "Fireball Class Action", Plaintiff is advised that, although a complaint had been filed in the United Stated District Court for the Northern District of New York, 23-CV-0097, *Marquez, individually and on behalf of all others similarly situated, v. Sazerac Company, Inc.*, it is now closed. A copy of docket sheet for that action is attached.

However, given Plaintiff's *pro se* status, in an abundance of caution, the Court grants leave to amend the complaint to afford him an opportunity to allege as plausible claim against a proper defendant. If Plaintiff chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-1564(GRB)(ST). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Plaintiff may pursue any valid claims he may have in state court.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 2) is granted. However, complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint. If Plaintiff chooses to amend the complaint against a proper defendant in accordance with this Order, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-1564(GRB)(ST). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.

The Clerk of the Court shall mail a copy of this Order together with a complaint form and the docket sheet for 23-CV-0097(N.D. Ill.) to the *pro se* Plaintiff at his address of record and note

service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

**Hon. Gary R. Brown**
**United States District Judge**

Dated:   August 30, 2023
         Central Islip, New York